MEMORANDUM ***
Myrna Salcido appeals the district court’s denial of her motion to suppress evidence obtained during an investigatory stop of the SUV in which she was a passenger. She contends that the district court erred in finding that the traffic stop was justified by reasonable suspicion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court correctly concluded that, under the totality of the circumstances, the South Gate Police Department officers were aware of specific, articulable facts which formed the basis for their suspicion that Salcido was engaged in criminal *345 activity. See Ramirez v. City of Buena Park, 560 F.3d 1012, 1021 (9th Cir.2009) (“We consider the totality of the circumstances ... when evaluating reasonable suspicion.” (internal quotation marks omitted)). The district court did not clearly err in crediting Officer Levesque’s testimony that the SUV’s headlights were off when the officers saw it in the darkened parking lot of the South Gate Post Office, which was closed at the time. It was near midnight, and while the driver’s behavior may have been consistent with a driver and passenger dropping mail into a postal collection box, that the headlights were off at this late hour supported the officers’ contrary conclusion. See United States v. Arvizu, 534 U.S. 266, 277, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (“A determination that reasonable suspicion exists ... need not rule out the possibility of innocent conduct.”).
In addition, the police officers were aware of previous reports of mail theft at the South Gate Post Office. They knew it was unusual for a car to be alone in the lot at that time of night, and they observed the SUV turn on its headlights as it left the parking lot. All these facts combined to justify a Terry stop of the SUV. See Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Therefore, the district court did not err in denying the motion to suppress the stolen mail found in the rear seat of the SUV.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.